# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ARIEN SHERMAN, |
|               Petitioner, |
|       v. |
| JEFF SESSIONS, |
|               Respondent. |

Case No. 1:18-cv-00826 (TNM)

## **MEMORANDUM OPINION**

Arien Sherman (Petitioner) finds himself in federal custody upon his criminal conviction in the United States District Court for the District of Hawaii. He is currently incarcerated at the Federal Correctional Institution, Terminal Island (FCI Terminal Island) in San Pedro, California. According to Petitioner, the district judge who presided over his criminal case lacked the authority to do so, rendering the judgment of conviction a nullity. This matter is before the Court on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. But even if Mr. Sherman could properly proceed under § 2241,[1] he may not do so in the District of Columbia.

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in . . . custody." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494 (1973) (citation omitted). The proper respondent in a habeas corpus action is Petitioner's

---

[1] Ordinarily, a federal prisoner challenging the legality of his sentence must proceed by motion in the sentencing court under 28 U.S.C. § 2255. *See Taylor v. United States Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952). However, there is a savings clause which permits a federal prisoner to avail himself of a remedy under 28 U.S.C. § 2241 if a remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002).

immediate custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), who in this case is the Warden of FCI Terminal Island, in California. *See Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017) (finding that appellant's custodian is warden of facility of his incarceration, not the President of the United States). This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Because "[t]he District of Columbia is neither the district of residence of [Petitioner's] immediate custodian for purposes of § 2241 habeas relief nor the district of sentencing for § 2255 purposes," *Day*, 860 F.3d at 691, the Court must dismiss the petition for lack of jurisdiction. A separate Order will issue.

Dated: April 17, 2018

TREVOR N. MCFADDEN
United States District Judge