**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **ARIEN SHERMAN**, |
|                   Plaintiff, |
|                   v. |
| **JEFF SESSIONS**, |
|                   Defendant. |

Case No. 1:18-cv-00826 (TNM)

**MEMORANDUM AND ORDER**

The Court dismissed Petitioner Arien Sherman's petition for a writ of habeas corpus for lack of subject matter jurisdiction. Order, ECF No. 3 (April 17, 2018). This matter has come before the Court on the petitioner's Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e); and Motion for Default Summary Judgment for a Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure 56; and Motion to Amend Findings and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52(b), ECF No. 4; and a Petition for Mandamus, asking the Chief Judge to compel this Court to exercise jurisdiction over Mr. Sherman's habeas claim. ECF No. 5. The Chief Judge does not have authority to review the decisions of fellow district judges,[1] so the Court treats the petitioner's motions collectively as a

---

[1] *Schneider v. Herter*, 283 F.2d 368, 370 (D.C. Cir. 1960) ("The ordinary method of correcting trial court error is by appeal under applicable statutory provisions; and when an extraordinary method is appropriate it is by application to an appellate court, either the Supreme Court or the Court of Appeals, I do not in the abstract decide which, for a writ. A motion to the Chief Judge is neither . . . ."); *see also In re McBryde*, 117 F.3d 208, 225-26 (5th Cir. 1997) ("implicit in [Article III's] grant of power is the limitation that the chief judge cannot sit as a quasi-appellate court and review the decisions of other judges in the district.").

motion under Rule 59(e), which "provides a vehicle for reconsideration of final judgments." *Hentif v. Obama*, 883 F. Supp. 2d 97, 100 (D.D.C. 2012).

A motion under Rule 59(e) "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). It is "not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999) (per curiam). Here, the petitioner offers the same arguments as the original petition for habeas corpus. As I noted in the dismissal of that petition, the proper respondent in this case is his immediate custodian, the Warden of FCI Terminal Island in California. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017). Nothing has changed this crucial fact. This Court accordingly lacks jurisdiction, and the relief that Mr. Sherman seeks under Rule 59(e) is not warranted.

Accordingly, it is hereby **ORDERED** that the petitioner's Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e); Motion for Default Summary Judgment for a Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure 56; Motion to Amend Findings and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52(b), ECF No. 4; and Petition for Mandamus, ECF No. 5, are **DENIED**.

**SO ORDERED**.

Dated: July 30, 2018

TREVOR N. MCFADDEN
United States District Judge